U S DISTRICT COURT E.D.N.Y.

★ OCT 1 0 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CURTIS TUBBS,                                        NOT FOR PUBLICATION

                        Plaintiff,                  MEMORANDUM
                                                    AND ORDER
        -against-

NYC PARKS DEPT (JTP) PARKS                          12-CV-3322 (CBA) (VMS)
OPPORTUNITY ARSENAL WEST,

                        Defendant.
-------------------------------------------------------------X

AMON, Chief Judge:

On June 29, 2012, plaintiff Curtis Tubbs filed this *pro se* action alleging employment

discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age

Discrimination in Employment Act ("ADEA"). The Court grants plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court directs plaintiff to file an amended

complaint within 30 days as set forth below.

                                Standard of Review

Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as

raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin

v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). A complaint must plead "enough facts to state a

claim to relief that is plausible on its face." Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Nonetheless, the Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i)

frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If

a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court

must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## Discussion

Plaintiff brings this action pursuant to Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex [gender] or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits an employer from discriminating against any individual over 40 years old in the terms, conditions and privilege of employment on the basis of age. 29 U.S.C. § 621 et seq.

Plaintiff has utilized the Court's employment discrimination form and marks Title VII and the ADEA as the bases for jurisdiction, but he fails to provide a statement to support a claim under either Title VII or the ADEA, see Compl. at 4, ¶ 8. Instead, plaintiff attaches a letter from defendant denying his application for employment as a Job Training Participant based on plaintiff's prior conviction. See Compl., Unmarked Exhibit, Letter dated April 7, 2011 from David Terhune, City of New York Parks & Recreation. The failure to hire based on a prior record of arrest or conviction is not one of the protected classes under Title VII which prohibits discrimination based on the applications "race, color, religion, sex [gender] or national origin," 42 U.S.C. § 2000e-2(a)(1), rather, that claim arises under the City of New York's Equal Employment Opportunity Policy. Moreover, plaintiff does not provide any facts or attach any document to support a claim under the ADEA.

## Conclusion

In light of plaintiff's *pro se* status, the Court directs plaintiff to file an amended employment discrimination complaint and include a statement of claim to support his Title VII and ADEA claims within 30 days from the entry of this Order. Plaintiff is advised that he must provide the facts of his case (also known as the statement of claim) and he should only attach documents to support his statement of claim and not to take the place of the required statement. See Fed. R. Civ. P. 8.

The amended complaint must be captioned "AMENDED COMPLAINT" and bear the docket number 12-CV-3322 (CBA) (VMS). No summons shall issue and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If available, plaintiff should attach a copy of the charge of discrimination he filed with the EEOC on May 23, 2011 to the Amended Complaint. The Clerk of Court is directed to forward an employment discrimination complaint form to plaintiff with this Order. Once the amended complaint is filed, the case shall be referred to the Honorable Vera M. Scanlon, United States Magistrate Judge, for pretrial supervision.

If plaintiff fails to file an amended complaint within the time allowed, the action shall be dismissed without prejudice and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Chief Judge Amon

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
October 10, 2012

3